Citation Nr: 1134095 
Decision Date: 09/12/11 Archive Date: 09/22/11

DOCKET NO. 09-17 275 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for bilateral sensorineural hearing loss.


REPRESENTATION

Appellant represented by: New Jersey Department of Military and Veterans' Affairs


WITNESS AT HEARINGS ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

S. Coyle, Associate Counsel
INTRODUCTION

The Veteran served on active duty from December 1949 to November 1953. 

These matters come before the Board of Veterans' Appeals (Board) on appeal from a May 2008 rating decision by the Philadelphia, Pennsylvania, Regional Office (RO) of the Department of Veterans Affairs (VA), which denied entitlement to service connection for bilateral hearing loss. A timely appeal was noted from that decision.

Hearings on this matter were held before a Decision Review Officer on February 16, 2010, and before the undersigned Veterans Law Judge at the RO on July 21, 2010. Copies of the hearing transcripts have been associated with the file.

In November 2010, the Board remanded this issue to the RO (via the Appeals Management Center (AMC)) for further evidentiary development. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

Review of the record reveals that there has not been proper compliance with the Board's November 2010 remand. The remand directed, in pertinent part, that the RO request authorization from the Veteran to obtain medical records reflecting his treatment for hearing loss from Presbyterian Hospital in Philadelphia, Pennsylvania, and gather the identified records once authorization was received. The Veteran provided the requested authorization in December 2010; however, records from Presbyterian Hospital were not requested. The July 2011 supplemental statement of the case states that treatment records from Presbyterian Hospital were received; however, review of the record shows that records from that facility have not been associated with the claims folder. 

Where the remand orders of the Board or the Courts are not complied with, the Board errs as a matter of law when it fails to assure compliance. Stegall v. West, 11 Vet. App. 268, 271 (1998). Thus, a remand is required to ensure that the orders of the Board's November 2010 remand are carried out.

Additionally, while on remand, any outstanding treatment records dated from February 2011 to the present from the Philadelphia, Pennsylvania, VA Medical Center should be obtained for consideration in the Veteran's appeal.

Accordingly, the case is REMANDED for the following action:

1. After obtaining any additional authorization necessary from the Veteran, contact Presbyterian Hospital in Philadelphia, Pennsylvania, and request that all records of the Veteran's treatment for hearing loss at that facility be provided for inclusion with the claims folder. If such records are unavailable, a negative response should be obtained and the Veteran should be so notified.

2. Obtain outstanding treatment records from the Philadelphia VA Medical Center dated from February 2011 to the present. All reasonable attempts should be made to obtain such records. If any records cannot be obtained after reasonable efforts have been made, issue a formal determination that such records do not exist or that further efforts to obtain such records would be futile, which should be documented in the claims file. The Veteran must be notified of the attempts made and why further attempts would be futile, and allowed the opportunity to provide such records, as provided in 38 U.S.C.A. § 5103A(b)(2) and 38 C.F.R. § 3.159(e).

3. After the above has been completed, readjudicate the issue on appeal, taking into consideration all evidence added to the file since the most recent VA adjudication. If the issue on appeal continues to be denied, the Veteran and his representative must be provided a supplemental statement of the case. The Veteran must then be given an appropriate opportunity to respond. Thereafter, the case must be returned to the Board for appellate review.

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112.


_________________________________________________
THOMAS J. DANNAHER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252, only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b).